IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>-v-<br><br>WENDY'S INTERNATIONAL, LLC,<br><br>        Defendant. | CASE NO.: 2:25-cv-01516-EAS-CMV<br><br>Judge Edmund A. Sargus<br><br>Magistrate Judge Chelsey M. Vascura<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

For its Answer to Plaintiff United States Equal Employment Opportunity Commission's ("Plaintiff") Complaint, Defendant Wendy's International, LLC ("Defendant") admits, denies, and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(l) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This action also is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

**ANSWER:** **The allegations in Paragraph 1 of the Complaint state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant admits that this Court has jurisdiction based on the allegations in the Complaint but denies that it engaged in any acts or omissions that violate**

any federal, state, or local laws or regulations. Defendant denies all factual allegations in Paragraph 1 of the Complaint.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

**ANSWER:** **The allegations in Paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant admits that venue is proper in this Court based on the allegations in the Complaint but denies that it engaged in any acts or omissions that violate any federal, state, or local laws or regulations. Defendant denies all factual allegations in Paragraph 2 of the Complaint.**

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l).

**ANSWER:** **Defendant admits that the Equal Employment Opportunity Commission ("EEOC") is the agency of the United States charged with the administration, interpretation, and enforcement of Title I of the ADA. The remaining allegations in Paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies that it violated the ADA and denies all remaining factual allegations in Paragraph 3 of the Complaint.**

4. Plaintiff, the United States EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

**ANSWER:** **Defendant admits that the EEOC is the agency of the United States charged with the administration, interpretation, and enforcement of the ADEA. The remaining allegations in Paragraph 4 of the Complaint state legal conclusions**

to which no response is required. To the extent this Court requires a response, Defendant denies that it violated the ADEA and denies all remaining factual allegations in Paragraph 4 of the Complaint.

5. At all relevant times, Defendant, Wendy's International, LLC, an Ohio corporation, has continuously been doing business in the state of Ohio, including in Dublin, Ohio, and has continuously had at least 20 employees.

**ANSWER:** **Defendant admits that Wendy's International, LLC is an Ohio Limited Liability Company and, further answering, admits the remaining allegations in Paragraph 5 of the Complaint.**

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12112(5), (7).

**ANSWER:** **Defendant admits the allegation in Paragraph 6 of the Complaint.**

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12112(2).

**ANSWER:** **Defendant admits the allegation in Paragraph 7 of the Complaint.**

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

**ANSWER:** **Defendant admits the allegation in Paragraph 8 of the Complaint.**

## ADMINISTRATIVE PROCEDURES

9. More than 30 days prior to the institution of this lawsuit, Michael Salsburg filed a charge with the Commission alleging violations of the ADA and ADEA by Defendant.

**ANSWER:** **Defendant admits the allegation in Paragraph 9 of the Complaint.**

10. On March 19, 2025, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA and ADEA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

**ANSWER:** **Defendant admits that Plaintiff issued a Letter of Determination finding reasonable cause to believe that the ADA and ADEA were violated but Defendant denies any violation of the ADA or ADEA. Defendant further admits that Plaintiff invited Defendant to engage in informal methods of conciliation but denies the existence of any unlawful employment practices necessitating "appropriate relief."**

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

**ANSWER:** **Defendant admits that Plaintiff and Defendant did not reach a conciliation agreement "acceptable to the Commission" but denies that Plaintiff meaningfully engaged in the conciliation process.**

12. On April 28, 2025, the Commission issued to Defendant a Notice of Failure of Conciliation.

**ANSWER:** **Defendant admits the allegation in Paragraph 12 of the Complaint.**

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:** **In response to Paragraph 13 of the Complaint, Defendant states that Plaintiff has stated legal conclusions to which no answer is required and further denies any liability.**

### STATEMENT OF CLAIMS

14. As alleged with more particularity herein, Defendant has engaged in unlawful employment practices in violation of Section 12112 of Title I of the ADA, 42 U.S.C. § 12112.

**ANSWER:** **Defendant denies the allegation in Paragraph 14 of the Complaint.**

15. The Charging Party, Michael Salsburg, is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). The Charging Party has impairments including a diagnosis of ulnar neuropathy, cubital tunnel syndrome, and carpal

Page **4** of **16**

tunnel syndrome, which substantially limit major bodily functions including the peripheral nervous/neurological and/or musculoskeletal systems and which impair the function of the elbow, wrists and/or hands. The Charging Party also has a record of impairments, as described above and as defined by 42 U.S.C. § 12102 (1)(B), and Defendant regarded the Charging Party as having a disability by subjecting him to adverse employment actions because of actual or perceived impairments as defined by 42 U.S.C. § 12102 (1)(C) through and including § 12102 (3).

**ANSWER:** **Defendant denies that Michael Salsburg ("Salsburg") is a qualified individual with a disability. The allegations in Paragraph 15 regarding whether Salsburg suffers from a disability state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies such allegations. Further answering, Defendant denies that it subjected Salsburg to adverse employment actions "because of actual or perceived impairments" and denies any liability under the ADA. Defendant denies any remaining factual allegations in Paragraph 15 of the Complaint.**

16. Defendant violated the ADA when it discriminated against Salsburg on the basis of disability in regard to his discharge, compensation, and other terms and conditions of employment, including by engaging in the below-described acts and omissions:

(a) Salsburg began working for a Wendy's franchise restaurant in 1993.

(b) As of 2022, Defendant employed Salsburg as a District Manager.

(c) As a District Manager, Salsburg worked in an office located in Defendant's corporate headquarters where he reviewed, analyzed, and prepared reports concerning restaurant operations and engaged in other managerial functions. Salsburg also conducted site visits at Wendy's fast food restaurants that were located in the area to which he was the assigned District Manager.

(d) Salsburg could perform the essential job functions of the position he held with or without reasonable accommodation.

(e)     In 2022, Defendant became aware that Salsburg had been diagnosed with physical impairments, as described above, and that he would undergo surgery on his hands and wrists.

(f)     On or about September 29, 2022, Salsburg went on approved medical leave to have surgery on his left hand and wrist.

(g)     On or about October 24, 2022, Salsburg returned to work from approved medical leave on-time.

(h)     On or about November 17, 2022, Salsburg went on approved medical leave to have surgery on his right hand and wrist.

(i)     After Salsburg had the second surgery Defendant required him to remain on medical leave through at least January, 2023.

(j)     In January 2023, Defendant again required Salsburg to remain on leave and also required him to change his status to short-term disability leave by and through Defendant's disability insurance carrier.

(k)     After Salsburg was placed on short-term disability leave by and through Defendant's disability insurance carrier, his compensation was reduced to a percentage of the salary that he would have earned if Defendant had allowed him to return to work.

(l)     On or about February 21, 2023, Salsburg's healthcare provider issued a release clearing him to return to work at Defendant.

(m)     On or about February 22, 2023, Defendant corresponded with Salsburg, by and through its Human Resources (HR) Manager Mary Schaffer, and the correspondence stated, in part, that Defendant knew Salsburg had been cleared to return to work.

(n)     On or about February 24, 2023, Salsburg sent to Defendant the healthcare provider's release that is described in subparagraph (1), above.

(o) The healthcare provider's release that is described in subparagraphs (1) and (n) stated that Salsburg was cleared to return to work as a District Manager as long as he did not lift, push, or pull greater than 10 pounds with his right hand, and that the right-hand limitation was expected to last until April, 2023.

(p) On or about February 24, 2023, Defendant's disability insurance carrier sent correspondence to Defendant confirming that the carrier had received "Fitness for Duty" documents from Salsburg's healthcare provider saying that he was released to work as long as he did not lift, push or pull greater than 10 pounds with his right hand.

(q) Defendant prepared a written description of the District Manager job and that description does not say that lifting, pushing, or pulling were essential job functions nor does it say that it was an essential function of the District Manager job to lift, push, or pull greater than 10 pounds with the right hand.

(r) Notwithstanding the information, job description, and health care provider release described above, all of which indicated that Salsburg could perform the essential job functions with or without reasonable accommodation, Defendant discriminated against Salsburg on the basis of disability in violation of 42 U.S.C. §§ 12112(a) and (b) when it refused to allow him to return to work for Defendant in any capacity, conditioned Salsburg's employment on his demonstrated ability or capacity to work without any restrictions, required him to remain on leave, did not make reasonable accommodations to the extent any were needed, and/or denied him employment opportunities based on the need to make such accommodations.

(s) On or about May 26, 2023, Defendant sent Salsburg a termination letter stating that Defendant intended to fire him.

(t) After Salsburg received the May 26 termination letter, he contacted Defendant to oppose the termination and question why he was being fired given that he had been cleared to work in February, 2023. Salsburg also provided Defendant with additional information including that he had an upcoming medical appointment.

(u) Shortly thereafter, Defendant required Salsburg to complete medical forms that sought information about his disability. Salsburg complied and gave the completed forms to Defendant on or about June 15, 2023. The completed medical forms stated, in part, that the right-hand limitation was expected to last until July, 2023.

(v) Notwithstanding the completed medical forms and other information described above, all of which indicated that Salsburg could perform the essential job functions with or without reasonable accommodation, Defendant again discriminated against Salsburg on the basis of disability when it refused to allow him to return to work for Defendant in any capacity, conditioned Salsburg's employment on his demonstrated ability or capacity to work without any restrictions, required him to remain on leave, did not make reasonable accommodations to the extent any were needed, and/or denied him employment opportunities based on the need to make such accommodations.

(w) On or about June 16, 2023, Defendant issued correspondence stating that it had received the completed medical forms and that because Salsburg still had restrictions Defendant would proceed with firing him.

(x) On or about June 20, 2023, Defendant sent Salsburg a termination letter stating, in part, that Defendant was firing him because the company "did not receive information indicating that [he was] able to return to work without cleared restrictions...."

(y) Defendant terminated Salsburg from his employment with Defendant.

**ANSWER:** **Defendant denies the allegations in Paragraph 16 of the Complaint.**

17. As alleged with more particularity herein, Defendant has engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623(a).

**ANSWER:** **Defendant denies the allegations in Paragraph 17 of the Complaint.**

18. At all material times, Salsburg was over the age of 40 and he was qualified for the job that he held with Defendant.

**ANSWER:** **Defendant admits that Salsburg was over the age of 40 at all material times, but, further answering, denies the remaining allegations in Paragraph 18 of the Complaint.**

19. Defendant violated the ADEA when it discharged and otherwise discriminated against Salsburg because of his age with respect to his compensation, terms, conditions, and/or privileges of employment, as described in Paragraphs 16(a) through (y), and also by engaging in the below-described acts and omissions:

(a) Defendant treated substantially younger employees more favorably, including but not limited to extending more favorable treatment concerning return-to-work standards and providing accommodations.

(b) Defendant's records show that it permitted an employee who was substantially younger than Salsburg to return to work with restrictions including restrictions on lifting (no lifting greater than 15 pounds), and that Defendant accommodated the employee's need for limited neck positioning, frequent rest periods, and a reduced work schedule.

(c) Defendant's records show that the above-referenced manager was permitted to work with restrictions even though medical records provided to Defendant said that

the younger manager was experiencing "numbness" in her hands, physical limitations impacting the use of her head and neck, and "profound deconditioning."

(d) Defendant discriminated against Salsburg because of age when it subjected him to prohibited employment action including, but not limited to, refusing to allow him to work for Defendant in any capacity after he underwent disability related surgery, compelling him to stay on medical leave, denying him reasonable accommodations to the extent any were needed, conditioning Salsburg's employment on his demonstrated ability or capacity to work without any restrictions, and firing Salsburg.

(e) Various circumstances support an inference of age discrimination including, but not limited to, Defendant's demonstrated preference for workers under the age of 40 during the years surrounding the adverse actions taken against Salsburg and Defendant's more favorable treatment of a substantially younger manager in applying return-to-work standards and providing accommodations.

**ANSWER:** **Defendant denies the allegations in Paragraph 19 of the Complaint.**

### COUNT I/ADA VIOLATIONS

20. The EEOC reasserts, as if fully set forth herein, the allegations set forth in Paragraphs 1-3, 5-7, 9-13, and 14-19, above.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1-3, 5-7, 9-13, and 14-19 above as if fully rewritten herein.**

21. Defendant discriminated against Salsburg on the basis of disability, and because he is a disabled worker over the age of 40, as described in the above-referenced allegations among others.

**ANSWER:** **Defendant denies the allegations in Paragraph 21 of the Complaint.**

22. The effect of the practices described above has been to deprive Salsburg of rights secured to him by the ADA.

**ANSWER:** **Defendant denies the allegation in Paragraph 22 of the Complaint.**

23. The unlawful employment practices complained of above were and are intentional.

**ANSWER:** **Defendant denies the allegation in Paragraph 23 of the Complaint.**

24. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Salsburg.

**ANSWER:** **Defendant denies the allegation in Paragraph 24 of the Complaint.**

## COUNT II/ADEA VIOLATIONS

25. The EEOC reasserts, as if fully set forth herein, the allegations set forth in Paragraphs 1-2, 4-5, 8-13, and 14-19, above.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1-2, 4-5, 8-13, and 14-19 above as if fully rewritten herein.**

26. Defendant discriminated against Salsburg because of age, and because he is a disabled worker over the age of 40, as described in the above-referenced allegations among others.

**ANSWER:** **Defendant denies the allegations in Paragraph 26 of the Complaint.**

27. Defendant discriminated against Charging Party because of age when it refused to allow him to work for Defendant in any capacity after he underwent disability related surgery, compelled him to stay on medical leave, denied him reasonable accommodations to the extent any were needed, conditioned Salsburg's employment on his demonstrated ability or capacity to work without any restrictions, and fired Salsburg.

**ANSWER:** **Defendant denies the allegations in Paragraph 27 of the Complaint.**

28. The effect of the practices described above has been to deprive Salsburg of rights secured to him by the ADEA.

**ANSWER:** **Defendant denies the allegation in Paragraph 28 of the Complaint.**

29. Defendant's violations of the ADEA were willful.

**ANSWER:** **Defendant denies the allegation in Paragraph 29 of the Complaint.**

## GENERAL DENIAL

Defendant denies each and every allegation contained in Plaintiff's Complaint that is not specifically admitted to be true herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves the right to assert additional defenses should the precise nature of Plaintiff's claims become clear. Defendant sets forth the following affirmative and other defenses:

1. Some or all of the claims alleged in the Complaint may be barred by the applicable statutes of limitations and/or the doctrines of after-acquired evidence, waiver, and/or estoppel.

2. Salsburg was not a qualified individual under the ADA as he could not perform the essential functions of his position with or without a reasonable accommodation.

3. Salsburg failed to request an accommodation.

4. Any alleged requests by Salsburg for an accommodation would have posed an undue hardship on Defendant.

5. Salsburg failed to initiate or otherwise engage in the interactive process.

6. Salsburg's alleged disability could not be accommodated sufficiently to allow Salsburg to perform the essential functions of his job.

7. Salsburg would pose a direct threat to the health or safety of himself and/or other individuals in the workplace if he were employed by Defendant.

8. At all times, Defendant's actions were lawful, justified, and made in good faith.

9. Any injury caused to Salsburg was due in whole or in part to Salsburg's own actions, inaction, and/or the negligence or acts of third parties.

10. All of the decisions and/or actions challenged as discriminatory in the Complaint were undertaken for legitimate, nondiscriminatory, and non-pretextual reasons unrelated to Salsburg's alleged protected status.

11. Some or all of the decisions and/or actions challenged as discriminatory in the Complaint would have been undertaken regardless of Salsburg's alleged protected status.

12. Without conceding that Salsburg has suffered any damages because of any wrongdoing by Defendant, Salsburg has failed to mitigate any alleged damages he claims to have suffered by virtue of Defendant's alleged actions and/or decisions, and such alleged damages, if any, sustained by Salsburg should be reduced by the value of any wages, benefits, and payments in lieu of wages which Salsburg has earned or received since the events of which Salsburg and/or Plaintiff complain.

13. Defendant cannot be liable for punitive damages in light of its good faith efforts to comply with applicable law.

14. Plaintiff's claim for punitive damages fails because Defendant's alleged wrongful conduct was not reckless, malicious, or willful.

15. Without conceding that Plaintiff or Salsburg have suffered any damages because of any wrongdoing by Defendant, Defendant pleads all damage caps and/or limits on damages set forth in applicable state and federal laws.

16. Defendant asserts that, if Salsburg has accepted compensation in partial settlement of his claims from collateral sources, Defendant is entitled to a setoff in that amount.

17. Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

18. Any alterations or modifications to Salsburg's job duties were justified, not based on discriminatory reasons, but upon a bona fide business necessity and based upon bona fide occupational qualifications.

19. All wrongful conduct alleged by Plaintiff was a business necessity.

20. Defendant took reasonable care to prevent any discriminatory behavior and Salsburg unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

21. Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant and Defendant did not know of nor should have known of such acts.

22. Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

23. Plaintiff has failed to fulfill its statutory duty to properly conciliate before filing its Complaint.

24. Defendant presently has insufficient knowledge to form a belief as to whether Defendant may have additional, as yet unstated, affirmative or other defenses available. Defendant

reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor, and that Defendant recovers its costs and expenses, including reasonable attorney's fees, and such other and further relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Jantzen D. Mace*
Samuel N. Lillard (0040571)
Jantzen D. Mace (0099005)
The Key Bank Building
88 East Broad Street, Suite 2025
Columbus, OH 43215
614.494.0420
614.633.1455 (FAX)
samuel.lillard@ogletreedeakins.com
jantzen.mace@ogletreedeakins.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, a copy of the foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint* was electronically filed with the Clerk of Court using the CM/ECF system. Notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Taylor Hilton
United States Equal Employment Opportunity Commission
Cleveland Field Office
Anthony J. Celebrezze Federal Building
1240 East 9th Street, Suite 3001
Cleveland, Ohio 44119
taylor.hilton@eeoc.gov

*Attorney for Plaintiff*

/s/ Jantzen D. Mace
Jantzen D. Mace (0099005)

*Attorney for Defendant*